# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**MARK W. DOBRONSKI**,

       Plaintiff,

v.

**SELECTQUOTE INSURANCE
SERVICES**, *et al.*,

       Defendants.

Case No.  **2:23-cv-12597-SJM-DRG**

The Honorable Stephen J. Murphy
United States District Judge

The Honorable David R. Grand
United States Magistrate Judge

_____

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF

Plaintiff Mark W. Dobronski ("Dobronski"), appearing *in propria persona*, and

for its Objections and Responses to Defendant's First Set of Requests for Production

to Plaintiff, submits the following:

### General Objections

A. These General Objections and Responses are submitted without intending to waive, and expressly preserving the right, at any time, in accordance with applicable rules, statutes and procedures, (i) to revise, correct, supplement or clarify any of the responses herein, or (ii) to object and respond to any future discovery requests.

B. The inadvertent identification of any privileged document or communication shall not be deemed to be a waiver of any applicable privilege with respect to such communication or document (and/or the contents or subject matter thereof) or with respect to any other documents or information.

1

C. Plaintiff objects to each request for documents to the extent it asks Plaintiff for (i) a document that speaks for itself, or (ii) a portion of a document that must be construed as a whole or read together with other documents to obtain an accurate meaning.

D. All objections as to competency, relevancy, materiality and admissibility of the documents or the subject matter thereof are intended to be preserved.

E. Plaintiff objects to each discovery request to the extent it calls for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

F. Plaintiff objects to each request to the extent it asks them to produce documents containing confidential or proprietary information.

G. If Plaintiff objects to a particular request as vague or ambiguous, it will respond to it as it reasonably understands it.

H. Plaintiff objects to each request to the extent it asks them to produce documents that are equally available to the Defendant or he can obtain from another source that is more convenient, less burdensome or less expensive.

I. Plaintiff objects to each request to the extent that its definitions are intended to characterize evidence. By responding to these requests and producing responsive documents, Plaintiff is not waiving their right to contest the Defendant's characterizations.

J. Plaintiff object generally to each document request to the extent that it seeks information that is protected by any legally recognized privilege, including the attorney-client privilege, or is otherwise immune from production for any reason, including the work-product doctrine.

K. Plaintiff is producing documents subject to the objections in this Response and without waiving any objections, including, among others, objections with respect to (i) their admissibility, (ii) how the parties may subsequently use them in any proceeding in this litigation, and (iii) producing documents or statements of a similar nature.

L. Except for the facts expressly admitted herein, no admission of any nature

2

whatsoever is to be implied or inferred.

M. Plaintiff rejects any attempt to restrict the admissibility of evidence at trial based on answers given to these requests at this time. Plaintiff states that trial preparation and factual investigation are continuing, and therefore a number of these requests are premature. Plaintiff's responses to these discovery requests are based on information known to it at this time. Plaintiff reserves the right, however, to make reference at trial, or any hearing in this action, to facts and documents not identified in these responses, the existence and relevance of which is later discovered by Plaintiff or its counsel.

## REQUESTS FOR PRODUCTION

1.      All itemized invoices and/or statements from the telephone service provider for Plaintiff's residential telephone number ending in -2951 from July 1, 2023 through September 1, 2023.

RESPONSE:  Plaintiff objects to this request as it is irrelevant to the claims at issue in this case, is disproportional to the needs and value of the instant action, and is overly broad an unduly burdensome.  The Complaint alleges 2 telephone calls that were placed to Plaintiff's cellular telephone number ending in -2951 on August 10, 2023.  Defendant seeks information from July 1, 2023 through September 1, 2023.  Beyond the 2 specific calls, any other information appearing upon Plaintiff's telephone service invoices/statements would be an intrusion into Plaintiff's privacy, would involve violation of attorney-client privilege, and would invade the privacy of third parties by providing personally identifiable information belonging to third-parties that have no relationship to any of the pending claims in the instant action.  Plaintiff will be producing a copy of the telephone bill showing the 2 calls with all other information redacted.  See BATES DOBSIS001.  Plaintiff will also be producing call detail records of the 2 calls with all other information redacted.  See BATES DOBSIS002.

2.      All itemized invoices and/or statements from each and every internet service provider that you utilized from July 1, 2023 through September 1, 2023.

RESPONSE:  Plaintiff objects to this request as it is irrelevant to the claims at issue in this case, is disproportional to the needs and value of the instant action, and is overly broad and unduly burdensome.  The Complaint alleges 2 telephone calls that were

3

placed to Plaintiff's cellular telephone number ending in -2951 on August 10, 2023. Defendant seeks billing information regarding "every internet service prover [Plaintiff] utilized from July 1, 2023 through September 1, 2023" which is clearly not relevant. Nowhere in the entire Complaint is there any mention of internet service. No documents are being produced in response to this request.

      3.     Produce all call records which support your allegation that you dialed the caller identification number to make a do not call demand as alleged in paragraph 85 of the Complaint.

RESPONSE:  Beyond Plaintiff's contemporaneous notes that, immediately after the termination of the call, Plaintiff dialed the caller information number displayed and found the number to be disconnected, Plaintiff has been unable to locate the call detail record for said call due to the passage of time, and likely due to the number being disconnected (thus, no connection).  However, on August 29, 2023, at 2:43 P.M., contemporaneous with Plaintiff preparing the Complaint in this case, Plaintiff dialed the caller identification number and, once again, found the telephone number to be a disconnected number, for which Plaintiff has been able to locate the call detail record for said call.  The single call detail record will be produced.  See BATES DOBSIS003.

      4.     All documents that support the allegations in Paragraph 37 of the Complaint that "Plaintiff's residential and cellular telephone lines have been besieged with telemarking calls...".

RESPONSE:  Plaintiff objects to this request as it is unduly burdensome and clearly disproportional to the needs and value of the instant action, and is interposed merely to harass.  This case is about 2 telephone calls received on August 10, 2023. Plaintiff has *hundreds* of hours of audio recordings of telemarketing calls received at Plaintiff's residential and cellular telephone lines.  Plaintiff would have to spend a similar amount of time to go through each and every call recording to segregate out telemarketing calls from personal calls, calls which are privileged, and other calls.  No documents are being produced in response to this request.

      5.     All documents and materials that support the allegations in Paragraph 40

of the Complaint that Plaintiff"uses his cellular telephone primarily for personal, family, and household communications."

RESPONSE:  Plaintiff objects to this request as it is unduly burdensome and clearly disproportional to the needs and value of the instant action, and is interposed merely to harass.  This request would require Plaintiff to detail *every* telephone call made or received on his cellular telephone and to note the purpose of each call.  Plaintiff knows from his own knowledge that his cellular telephone is primarily used for personal, family, and household communications. No documents are being produced in response to this request.

 

6.  All documents and materials that support the allegations in Paragraph 44 of the Complaint that "[a]t no time relevant hereto has Plaintiff or any other authorized person requested, consented, permitted, or authorized the contact from Defendants."

RESPONSE:  Plaintiff objects to this request as clearly having been interposed for purposes of harassment, as Defendant is asking Plaintiff to prove the negative.  It is Defendant's legal obligation to have "prior express consent" or "prior express written consent" *before* initiating a telemarketing call to Plaintiff.  Express consent is not an element of a plaintiff's prima facie case but is an affirmative defense for which the defendant bears the burden of proof. *Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037, 1044 (9th Cir. 2017).  Under longstanding FCC precedent, if any question arises as to whether prior express consent was provided by a call recipient, the burden is on the caller to prove that it obtained the necessary prior express consent. *In the Matter of Rules and Regulations Implementing the TCPA*, 30 FCC Rcd. 7961, 7990, 2015 WL 4387780, at *18, ¶ 47 (2015).  No documents are being produced in response to this request.

 

7.  All documents and materials that support the allegations in Paragraph 67 of the Complaint that "Defendants instruct their third party telemarketers to identify with generic names."

RESPONSE:  Plaintiff has made diligent search and has no documents responsive to this request.

8.     All documents and materials that support the allegations in Paragraph 69 of the Complaint that "where Plaintiff has made a 'do not call' demand to the third party telemarketer, the telemarketer will typically utter profanities at Plaintiff and then hang up."

RESPONSE:  Plaintiff objects to this request as it is unduly burdensome and clearly disproportional to the needs and value of the instant action, and is interposed merely to harass.  This case is about 2 telephone calls received on August 10, 2023. Plaintiff has *hundreds* of hours of audio recordings of telemarketing calls received at Plaintiff's residential and cellular telephone lines.  Plaintiff would have to spend a similar amount of time to go through each and every call recording to segregate out those calls where Plaintiff has made a "do not call" demand to a telemarketer and the telemarketer responded by uttering profanities at Plaintiff then hanging up.  Plaintiff will be producing no documents in response to this request.


9.     All documents or other materials (including without limitation electronic recordings) relating to Call #1 as alleged in the Complaint.

RESPONSE:  Plaintiff objects to this request as being vague and ambiguous with reference to "[a]ll documents other other materials (including without limitation electronic recordings) relating to Call #1 as alleged in the Complaint."  Upon Defendant explaining what is being requested, Plaintiff may be able to supplement this response.


10.     All documents or other materials (including without limitation electronic recordings) that support the allegations in Paragraph 80 of the Complaint that "On August 10, 2023, at approximately 11:53 A.M., Defendant or Defendants' agent initiated a telephone call to Plaintiffs cellular telephone line 734-***-2951."

RESPONSE: Plaintiff is producing a copy of the telephone bill and call detail record showing the call detail for this call, with other call information redacted.  See BATES DOBSIS001 and DOBSIS002.


11. All documents or other materials (including without limitation electronic recordings) that support the allegations in Paragraph 81 of the Complaint that "The

caller identification number displayed was 734-693-8889 and the caller identification name displayed was SCAM LIKELY."

RESPONSE: Plaintiff is producing a copy of the telephone bill and call detail record showing the call detail for this call, with other call information redacted.  See BATES DOBSIS001 and DOBSIS002.


12. All documents or other materials (including without limitation electronic recordings) that support the allegations in Paragraph 82 that "Upon answering the call by saying 'hello', Plaintiff heard a "boink" sound followed by approximately 4 seconds of silence, followed by a person speaking poor English identify as 'American Senior Benefits' without providing his name."

RESPONSE: Plaintiff has made diligent search of available records and has been unable to locate any documents responsive to this request.  Plaintiff makes note that he has a computer with audio recordings which is believed to be in a storage container located in either Farmington, Michigan or Orlando, Florida.  At such time as the computer is located and the relevant audio recordings downloaded, Plaintiff will supplement this request.


13. All documents or other materials (including without limitation electronic recordings) that support the allegations in Paragraph 84 of the Complaint that "The caller then began asking pre-qualifying questions and then transferred the call to an individual who identified himself as Tuan Pham with SelectQuote Senior who asked for Plaintiffs name. Plaintiff provided a faux name of Carlton Fisher, and the call suddenly disconnected."

RESPONSE: Plaintiff has made diligent search of available records and has been unable to locate any documents responsive to this request.  Plaintiff makes note that he has a computer with audio recordings which is believed to be in a storage container located in either Farmington, Michigan or Orlando, Florida.  At such time as the computer is located and the relevant audio recordings downloaded, Plaintiff will supplement this request.  Plaintiff is producing a contemporaneous note of the conversation.  See BATES DOBSIS005.

7

14. All documents or other materials (including without limitation electronic recordings) that support the allegations in Paragraph 85 of the Complaint that "Immediately after termination of the call, Plaintiff dialed the caller identification number displayed (734-693-8889) to make a do not call demand. The dialed number turned out to be a disconnected telephone number."

RESPONSE: Plaintiff is supplying an audio recording of the call on August 10, 2023. See BATES DOBSIS004.  Plaintiff also made a second attempt on August 29, 2023, for which a call detail record is being produced.  See BATES DOBSIS003.

15. All documents or other materials (including without limitation electronic recordings) of and related to Call #2 as alleged in the Complaint.

RESPONSE::  Plaintiff objects to this request as being vague and ambiguous with reference to "[a]ll documents other other materials (including without limitation electronic recordings) relating to Call #2 as alleged in the Complaint."  Upon Defendant explaining what is being requested, Plaintiff may be able to supplement this response.

16. All documents or other materials (including without limitation electronic recordings) that support the allegations in Paragraph 87 of Plaintiff's Complaint that "On August 10, 2023, at approximately 12:03 P.M., Defendants or Defendants' agent initiated a telephone call to Plaintiffs cellular telephone line 734- ***-2951"

RESPONSE:   Plaintiff is producing a copy of the telephone bill and call detail record showing the call detail for this call, with other call information redacted.  See BATES DOBSIS001 and DOBSIS002.

17. All documents or other materials (including without limitation electronic recordings) that support the allegations in Paragraph 88 of the Complaint that "The caller identification number displayed was 313-915-3012 and the caller identification name displayed was DETROIT MI."

RESPONSE: The telephone number 313-915-3012 appearing at Paragraph 88 of the Complaint is a tyoptypographical error.  Correctly, the telephone number should read 313-915-4012. Plaintiff is producing a copy of the telephone bill and call detail record

showing the call detail for this call, with other call information redacted.  See BATES DOBSIS001 and DOBSIS002.

18. All documents or other materials (including without limitation electronic recordings) that support the allegations in Paragraph 89 of the Complaint that "Upon answering the call by saying 'hello', Plaintiff hears a 'click' sound followed by approximately 3 seconds of silence, and then heard a live person asked to speak with Carlton Fisher, which is the faux name which Plaintiff provided during Call 1, supra."

RESPONSE: Plaintiff has made diligent search of available records and has been unable to locate any documents responsive to this request.  Plaintiff makes note that he has a computer with audio recordings which is believed to be in a storage container located in either Farmington, Michigan or Orlando, Florida.  At such time as the computer is located and the relevant audio recordings downloaded, Plaintiff will supplement this request.  Plaintiff is also producing a contemporaneous note of the conversation.  See BATES DOBSIS005.

19. All documents or other materials (including without limitation electronic recordings) that support the allegations in Paragraph 90 of the Complaint that "Plaintiff confronted Pham that Plaintiff's cellular telephone number is on the National Do Not Call Register and inquired as to the identity of the third-party that had transferred the earlier call (Call I) to Pham. Pham stated that the caller is a third party agent that works for SelectQuote to provide live transfer calls to Pham, but that he did not know the identity of the third-party."

RESPONSE: Plaintiff has made diligent search of available records and has been unable to locate any documents responsive to this request.  Plaintiff makes note that he has a computer with audio recordings which is believed to be in a storage container located in either Farmington, Michigan or Orlando, Florida.  At such time as the computer is located and the relevant audio recordings downloaded, Plaintiff will supplement this request.  Plaintiff is also producing a contemporaneous note of the conversation.  See BATES DOBSIS005.

20. All documents or other materials (including without limitation electronic

recordings) that support the allegations in Paragraph 92 of the Complaint that "Plaintiff then made demand to Pham to be provided a copy of SelectQuote's written do not call policy. Pham states that he needs to communicate with his supervisor (whom he names as being Ellie Steffen) to identify the third party and to arrange for the written do not call policy to be sent. Pham states that Steffen will be calling Plaintiff back. No follow-up call was ever made, nor was Plaintiff provided a copy of SelectQuote's written do not call policy."

RESPONSE:  Plaintiff has made diligent search of available records and has been unable to locate any documents responsive to this request.  Plaintiff makes note that he has a computer with audio recordings which is believed to be in a storage container located in either Farmington, Michigan or Orlando, Florida.  At such time as the computer is located and the relevant audio recordings downloaded, Plaintiff will supplement this request.  Plaintiff is also producing a contemporaneous note of the conversation.  See BATES DOBSIS005.


        21. All documents or other materials (including without limitation electronic recordings) that support the allegations in Paragraph 93 of the Complaint that "Immediately after the termination of the call, Plaintiff dialed the caller identification number displayed (313-915-4012) to make a do not call demand. The call rang once, three 'ding' tones are heard, and then the call disconnected."

RESPONSE: Plaintiff is producing a telephone bill which details the call, a call detail record of the call, and an audio recording of the call.  See BATES DOBSIS006, DOBSIS007, and DOBSIS008.


        22. All documents and materials, including pleadings and non-confidential settlement agreements, relating to any of the lawsuits identified in response to Interrogatory No. 10.

RESPONSE: Plaintiff is unable to make sense out of this request, as Interrogatory No. 10 seeks to "Describe, in detail, the basis for your contention that Call #2 was placed with an automated dialing system".


        23. All documents and materials identifying any lawsuit filed by you.

RESPONSE:   Plaintiff objects to the relevancy of this request as it is entirely unrelated to the claims raised in the instant matter.  Further, the request is overbroad, burdensome, and oppressive because it requires Plaintiff to prepare a compilation of data. As part of Plaintiff's normal procedures, Plaintiff has archived closed case files, most of which are in a mobile storage container presently located in Orlando, Florida. Plaintiff would be forced to incur substantial expense to travel to Orlando, Florida, to have the mobile storage container retrieved from its storage location, have the storage container delivered to Plaintiff, for Plaintiff to retrieve the archived records, and to return the storage container returned to its offsite location. Further, many of the subject lawsuits have been resolved and are the subject of confidentiality agreements which prohibit Plaintiff from discussing or disclosing information regarding the closed case. Lawsuits are public records, and Defendant is free to review the court dockets and compile the data being requested.


        24. All documents and materials reflecting any complaints submitted by you to any company for any purported violation of the Telephone Consumer Protection Act.

RESPONSE: Plaintiff objects to this request as vague and ambiguous as to the terms "complaints" and "submitted".  Plaintiff suggests that Defendant "meet and confer" with Plaintiff to better explain what information is being sought, to which Plaintiff can then supplement this response.  Plaintiff attempted to, during the week prior to preparing these responses, schedule a "meet and confer" with Defendant, but Defendant refused.


        25. All documents and materials reflecting any complaints submitted by you to the Federal Communications Commission, or any other federal or state regulatory body, for any purported violation of the Telephone Consumer Protection Act.

RESPONSE: Plaintiff objects to this request as vague and ambiguous as to the terms "complaints" and "submitted".  Plaintiff suggests that Defendant "meet and confer" with Plaintiff to better explain what information is being sought, to which Plaintiff can then supplement this response. Plaintiff attempted to, during the week prior to preparing these responses, schedule a "meet and confer" with Defendant, but Defendant refused.

26. All audio recordings of the telephone calls (Call #1 and Call #2) identified in the Complaint.

RESPONSE:  Plaintiff has made diligent search of available records and has been unable to locate any documents responsive to this request.  Plaintiff makes note that he has a computer with audio recordings which is believed to be in a storage container located in either Farmington, Michigan or Orlando, Florida.  At such time as the computer is located and the relevant audio recordings downloaded, Plaintiff will supplement this request.

27. All documents or other materials supporting any damages you are claiming to have suffered damages as a result of the telephone calls identified in the Complaint.

RESPONSE: Plaintiff objects to this request as being vague and ambiguous as to what is being sought.  Plaintiff suggests that Defendant "meet and confer" with Plaintiff to better explain what information is being sought, to which Plaintiff can then supplement this response. Plaintiff attempted to, during the week prior to preparing these responses, schedule a "meet and confer" with Defendant, but Defendant refused.

28. All documents or other materials reflecting any complaints submitted by you to the Federal Communications Commission, or any other federal or state regulatory body, for any purported violation of the Telephone Consumer Protection Act.

RESPONSE:  Plaintiff objects to this request as vague and ambiguous as to the terms "complaints" and "submitted".  Plaintiff suggests that Defendant "meet and confer" with Plaintiff to better explain what information is being sought, to which Plaintiff can then supplement this response. Plaintiff attempted to, during the week prior to preparing these responses, schedule a "meet and confer" with Defendant, but Defendant refused.  Further, Plaintiff objects to this request as it has previously been asked.  See Request for Production No. 25.

29. All documents or other materials demonstrating that Plaintiff "suffered the injury of the occupation of the telephone line by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls, including emergency calls, when the telephone line was seized by Defendant's calls."

RESPONSE: Plaintiff objects to this request as vague and ambiguous as Plaintiff can make no sense out of what documents Defendant reasonably seeks from Plaintiff. No documents are being produced in response to this request.

30. All documents or other materials related to the telephone number(s) identified in the complaint that you claim to be owned by you and which establish they are your telephone numbers.

RESPONSE: Plaintiff is producing the telephone bill for the telephone number 734-678-2951. See BATES DOBSIS001.

31. All documents or other materials that establish when you first began using each of the telephone numbers identified in the Complaint as being called by SelectQuote.

RESPONSE: Plaintiff does not recall the date of first use of telephone number 734-678-2951. However, Plaintiff is able to ascertain that Plaintiff registered telephone number 734-678-2951 with the National Do Not Call Registry on May 16, 2014. Evidence of the date of registration of telephone number 734-678-2951 with the NDNCR is being produced. See BATES DOBSIS009.

32. All documents or other materials that establish when you first began using each of the telephone numbers identified in the Complaint as being called by a third-party on behalf of SelectQuote.

RESPONSE: Plaintiff objects to this interrogatory as it assumes that Plaintiff's telephone number was called by a third-party on behalf of SelectQuote. To date, SelectQuote has not identified any third-party that called Plaintiff's telephone number. There are 2 telephone calls at issue in this lawsuit. Both telephone calls were made to Plaintiff's telephone number 734-678-2951 and involved Tuan England Pham, an employee of SelectQuote, engaged as the telemarketer/seller. Plaintiff does not recall the date of first use of telephone number 734-678-2951. However, Plaintiff is able to ascertain that Plaintiff registered telephone number 734-678-2951 with the National Do Not Call Registry on May 16, 2014. Evidence of the date of registration with the NDNCR is being produced. See BATES DOBSIS009.

13

33. All documents or other materials supporting your responses to the interrogatories included in this document.

RESPONSE: Plaintiff objects to this interrogatory as being vague and ambiguous as to what is being sought by same. Plaintiff suggests that Defendant "meet and confer" with Plaintiff to better explain what information is being sought, to which Plaintiff can then supplement this response. Plaintiff attempted to, during the week prior to preparing these responses, schedule a "meet and confer" with Defendant, but Defendant refused.

34. Referring to Defendant's Requests to Admit that were served on you with these interrogatories and document production requests, except for those requests to admit that you unequivocally admit, produce all documents or other materials supporting any responses to Defendant's Requests to Admit.

RESPONSE:

35. All documents and materials you have obtained by subpoena or other request relating to this litigation.

RESPONSE: At this time, Plaintiff has not obtained any documents or material by subpoena. Although Plaintiff has sought "documents and materials... by... other request related to this litigation" by way of requests served upon Defendant, Defendant has failed or refused to produce *any* documents to date.

36. All documents and materials that support allegations by you against SelectQuote for purported violations of the Michigan Home Solicitation Sales Act.

RESPONSE: In general, the documents which have been supplied in response to other requests support the allegations regarding purported violations of the Michigan Home Solicitation Sales Act. Plaintiff will not be producing any additional documents in response to this request.

14

37. All documents and materials that support the allegation that Plaintiff did not consent to be contacted by Defendant and/or its agents.

RESPONSE:  Plaintiff objects to this request as clearly having been interposed for purposes of harassment, as Defendant is asking Plaintiff to prove the negative.  It is Defendant's legal obligation to have "prior express consent" or "prior express written consent" *before* initiating a telemarketing call to Plaintiff.  Express consent is not an element of a plaintiff's prima facie case but is an affirmative defense for which the defendant bears the burden of proof. *Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037, 1044 (9th Cir. 2017).  Under longstanding FCC precedent, if any question arises as to whether prior express consent was provided by a call recipient, the burden is on the caller to prove that it obtained the necessary prior express consent. *In the Matter of Rules and Regulations Implementing the TCPA*, 30 FCC Rcd. 7961, 7990, 2015 WL 4387780, at *18, ¶ 47 (2015).  No documents will be produced in response to this request.

38. All documents and materials that support the allegation that Defendant and/or its agents utilized a feature to block the display of caller identification information that would otherwise be available.

RESPONSE: See responses to Request for Production No. 14, and Request for Production No. 21.

39. All documents and materials that support the allegations that Defendant and/or its agents "spoofed" caller identification information of their telephone numbers.

RESPONSE: See responses to Request for Production No. 14, and Request for Production No. 21.

40. All documents and materials that support the allegations that Defendant and/or their agents engaged in a scheme to engage in illegal telemarketing.

RESPONSE: In general, the documents which have been supplied in response to other requests support this allegation.  Plaintiff will not be producing any additional

documents in response to this request.

41. All documents and materials that identify when Plaintiff called back telephone number 734-693-8889.

RESPONSE:  Plainitff objects as this request appears to be duplicative of Request for Production No. 14.  Without waiving said objection, Plaintiff is supplying an audio recording of the call on August 10, 2023.  See BATES DOBSIS004.  Plaintiff also made a second attempt on August 29, 2023, for which a call detail record is being produced.  See BATES DOBSIS003.

42. All documents and materials that identify when Plaintiff called back telephone number 313-915-4012.

RESPONSE: Plaintiff objects as this request appears to be duplicative of Request for Production No. 21.  Without waiving said objection,  Plaintiff is producing a telephone bill which details the call, a call detail record of the call, and an audio recording of the call.  See BATES DOBSIS006, DOBSIS007, and DOBSIS008.  Plaintiff is also producing call detail records of additional calls made on August 29, 2023 and December 3, 2023.  See BATES DOBSIS010.

43. All documents and materials that factually support each allegation in your Complaint.

RESPONSE: Plaintiff objects to this request as being vague and ambiguous because it fails to describe with reasonable particularity each item or category of items to be inspected.  Plaintiff suggests that Defendant "meet and confer" with Plaintiff to better explain what information is being sought, to which Plaintiff can then supplement this response. Plaintiff attempted to, during the week prior to preparing these responses, schedule a "meet and confer" with Defendant, but Defendant refused.

16

Respectfully submitted,

Dated: January 11, 2024

_____

Mark W. Dobronski
Post Office Box 222
Dexter, Michigan 48130-0222
Telephone: (734) 330-9671
Email: MarkDobronski@yahoo.com
Plaintiff *In Propria Persona*

## CERTIFICATE OF SERVICE

I hereby certify that on **January 11, 2024**, I caused copies of the foregoing *Plaintiff's Objections and Responses to Defendant's First Set of Requests for Production to Plaintiff* to be served upon all parties and/or attorneys of record to the above-captioned cause herein by sending same in a sealed envelope, with first-class postage fully prepared thereupon, and deposited in the United States Mail, addressed as follows:

Jonathan Sriro, Esq.
Taft Stettinius & Hollister LLP
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034-8222

_____

Mark W. Dobronski

17