# EXHIBIT 2

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**MARK W. DOBRONSKI**,

        Plaintiff,

v.

**SELECTQUOTE INSURANCE
SERVICES**, *et al.*,

        Defendants.

Case No.  **2:23-cv-12597-SJM-DRG**

The Honorable Stephen J. Murphy
United States District Judge

The Honorable David R. Grand
United States Magistrate Judge

_____

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF <ins>INTERROGATORIES TO PLAINTIFF</ins>

Plaintiff Mark W. Dobronski ("Dobronski"), appearing *in propria persona*, and

for its Objections and Responses to Defendant's First Set of Interrogatories to Plaintiff,

submits the following:

### <ins>General Objections</ins>

A. These General Objections and Responses are submitted without intending to waive, and expressly preserving the right, at any time, in accordance with applicable rules, statutes and procedures, (i) to revise, correct, supplement or clarify any of the responses herein, or (ii) to object and respond to any future discovery requests.

B. Plaintiff objects to each discovery request to the extent it calls for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

1

C. If Plaintiff objects to a particular request as vague or ambiguous, it will respond to it as it reasonably understands it.

D. Except for the facts expressly admitted herein, no admission of any nature whatsoever is to be implied or inferred.

E. Plaintiff rejects any attempt to restrict the admissibility of evidence at trial based on answers given to these requests at this time. Plaintiff states that trial preparation and factual investigation are continuing, and therefore a number of these requests are premature. Plaintiff's responses to these discovery requests are based on information known to it at this time. Plaintiff reserves the right, however, to make reference at trial, or any hearing in this action, to facts and documents not identified in these responses, the existence and relevance of which is later discovered by Plaintiff or its counsel.

## **Interrogatories**

1. Identify all individuals (by name, address, telephone number and state their relationship to you) that have access to the residential telephone number ending in -2951.

RESPONSE:  Plaintiff objects to the interrogatory as presented as the word "access" is vague and ambiguous.  Without waiving said objection, and to the extent that the term "access" means "possession", Plaintiff responds: Mark Dobronski and Juli Smith.


2. Identify all individuals (by name, address, telephone number and state their relationship to you) that have access to any internet service access you also have access to, including wireless internet or otherwise.

RESPONSE:  Plaintiff objects to the interrogatory as presented as the terms "access" and "internet service access" are vague and ambiguous.  For example, Plaintiff subscribes to Spectrum internet services at his residence.  Spectrum boasts of having millions of internet service customers across the United States. Theoretically, each and every one of Spectrum's millions of internet service customers across the United States have access to the Spectrum internet service access which Plaintiff has access to.  Further, with the widespread availability of WiFi networks across the United

States and around the World, individuals have internet service access almost wherever they go. Thus, the domain of individuals who have access to "any internet service access" which Plaintiff also have access to, including wireless internet or otherwise, theoretically is the entire World population that utilizes the internet.

3.  Identify "Carlton Fisher" and state your relationship to him.

RESPONSE: Carlton Fisher is a *faux* name which Plaintiff randomly made up and provided during the course of an uninvited telephone call received from a telemarketer who called Plaintiff's telephone number 734-678-2951 on August 10, 2023 at approximately 11:53 A.M.

4.  Identify Jamie P. Smith and state your relationship to him/her.

RESPONSE:  Jamie P. Smith is Plaintiff's son-in-law.

5.  Identify each and every residential telephone number that you or anyone residing in your household have access to.

RESPONSE:  Plaintiff objects to the interrogatory as the request has no relationship or relevance to any of the claims in Plaintiff's complaint.  This lawsuit is about 2 telemarketing calls which were placed to Plaintiff's telephone number 734-678-2951. Further, Plaintiff objects to the interrogatory as presented as the phrase "have access to" is vague and ambiguous.  For example, Plaintiff could be visiting a friend at the friend's residence and, therefore "have access to" the friend's residential telephone. Without waiving said objection, and relevant to this lawsuit, Plaintiff responds: telephone number 734-678-2951.

6.  Identify each and every telephone number that you or a member of your household have registered with the National Do Not Call Registry.

RESPONSE:  Plaintiff objects to the interrogatory as the request has no relationship or relevance to any of the claims in Plaintiff's complaint. This lawsuit is about 2

3

telemarketing calls which were placed to Plaintiff's telephone number 734-678-2951. Notwithstanding said objection, and relevant to this lawsuit, telephone number 734-678-2951.

7. Describe, in detail, the damages you claim to have incurred and identify any documents which support this claim.

RESPONSE: Damages have been detailed in the Complaint at pages 29-30. Damages are set pursuant to statute. There were a total of 9 TCPA violations, at $500.00 per violation, for damages of $4,500.00, which amount shall be trebled because the violations were willful and/or knowing; 2 violations of the MTCCCA at $1,000.00 per violation, and 2 violations of the MHSSA at $250.00 per violation. The total amount of damages claimed in the action is $16,000.00.

8. Describe, in detail, the basis for your contention in Paragraph 52 that "Each of the caller identification numbers displayed for the calls as set forth in paragraphs 38, 42 and 49 were not valid call back numbers (i.e., the numbers were 'spoofed')."

RESPONSE: Defendant makes specific reference to Paragraphs 38, 42, 49, and 52 of the Complaint. There is no contention in Paragraphs 38, 42, 49, or 52 that any caller identification numbers displayed were not valid call back numbers or that the numbers were "spoofed".

9. Describe, in detail, the basis for your contention that Call #1 was placed with an automated dialing system.

RESPONSE: Upon answering Call # 1 by saying "hello", Plaintiff heard a "boink" sound, followed by approximately 4 seconds of silence, followed by a telemarketer coming onto the line. See Complaint, ¶ 82. The "boink" sound and the delay before the caller was connected to the call are indicative of an automatic telephone dialing system being utilized. See Complaint, ¶ 83.

10. Describe, in detail, the basis for your contention that Call #2 was placed with an

automated dialing system.

RESPONSE:  Upon answering Call # 2 by saying "hello", Plaintiff heard a "boink" sound, followed by approximately 3 seconds of silence, followed by a telemarketer coming onto the line.  See Complaint, ¶ 89.  The "boink" sound and the delay before the calling person was connected to the call are indicative of an automatic telephone dialing system being utilized. See Complaint, ¶ 83.

11.  Identify each lawsuit you have filed against companies or individuals alleging violations of any consumer protection laws and or any law or regulations applicable to "telemarketers" as well as the nature and details of the disposition of each.

RESPONSE:   Plaintiff objects to the relevancy of this request as it is entirely unrelated to the claims raised in the instant matter.  Further, the request is overbroad, burdensome, and oppressive because it requires Plaintiff to prepare a compilation of data. As part of Plaintiff's normal procedures, Plaintiff has archived closed case files, most of which are in a mobile storage container presently located in Orlando, Florida. Plaintiff would be forced to incur substantial expense to travel to Orlando, Florida, to have the mobile storage container retrieved from its storage location, have the storage container delivered to Plaintiff, for Plaintiff to retrieve the archived records, and to return the storage container returned to its offsite location. Further, many of the subject lawsuits have been resolved and are the subject of confidentiality agreements which prohibit Plaintiff from discussing or disclosing information regarding the closed case. Lawsuits are public records, and Defendant is free to review the court dockets and compile the data being requested.

12.  For each of the telephone numbers listed in the Complaint, which you claim have received calls by SelectQuote or by a third-party on behalf of SelectQuote, identify the date you began using each of those telephone numbers.

RESPONSE:  Relevant to this lawsuit, Plaintiff does not recall the date of first use of telephone number 734-678-2951.  However, Plaintiff is able to ascertain that Plaintiff registered telephone number 734-678-2951 with the National Do Not Call Registry on May 16, 2014, thus Plaintiff's first use of telephone number 734-678-2951 was prior to May 16, 2014.

13. Describe, specifying by affirmative defense number, all facts and opinions which support any basis you have for refuting the affirmative defense pled in Defendant's Affirmative Defenses to Plaintiffs Complaint.

RESPONSE: Plaintiff objects to the interrogatory as posed as the request is unintelligible. Defendant has set forth 28 affirmative defenses, yet the interrogatory appears to be addressing a singular "affirmative defense pled." Further, given that the request seeks a response as to each affirmative defense presented (of which there are 28), the request exceeds the presumptive limit of 25 written interrogatories set forth at Fed. R. Civ. P. 33(a)(1). Without waiving said objections, Plaintiff responds that Plaintiff refutes each of the affirmative defenses pled for the reason that each is factually untrue.

Respectfully submitted,

Dated: January 11, 2024

_____
Mark W. Dobronski
Post Office Box 222
Dexter, Michigan 48130-0222
Telephone: (734) 330-9671
Email: MarkDobronski@yahoo.com
Plaintiff *In Propria Persona*

## <u>VERIFICATION</u>

I declare, under the penalty or perjury, that the foregoing Responses to Defendant's First Set of Interrogatories to Plaintiff are true and correct to the best of my information, knowledge, and belief.

Dated: January 11, 2024

_____
Mark W. Dobronski

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **January 11, 2024**, I caused copies of the foregoing *Plaintiff's Objections and Responses to Defendant's First Set of Interrogatories to Plaintiff* to be served upon all parties and/or attorneys of record to the above-captioned cause herein by sending same in a sealed envelope, with first-class postage fully prepared thereupon, and deposited in the United States Mail, addressed as follows:

> Jonathan Sriro, Esq.
> Taft Stettinius & Hollister LLP
> 27777 Franklin Road, Suite 2500
> Southfield, Michigan 48034-8222

_____
Mark W. Dobronski