# Exhibit 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MARK W. DOBRONSKI**,

    Plaintiff,

v.

**SELECTQUOTE INSURANCE SERVICES**, *et al.*,

    Defendants.

Case No. **2:23-cv-12597-SJM-DRG**

The Honorable Stephen J. Murphy
United States District Judge

The Honorable David R. Grand
United States Magistrate Judge

_____

**PLAINTIFF'S OBJECTIONS AND ANSWERS TO
DEFENDANT'S FIRST SET OF
REQUESTS TO ADMIT TO PLAINTIFF**

Plaintiff Mark W. Dobronski ("Dobronski"), appearing *in propria persona*, and for its Objections and Answers to Defendant's First Set of Requests to Admit to Plaintiff, submits the following:

**General Objections**

A. These General Objections and Responses are submitted without intending to waive, and expressly preserving the right, at any time, in accordance with applicable rules, statutes and procedures, (i) to revise, correct, supplement or clarify any of the responses herein, or (ii) to object and respond to any future discovery requests.

B. The inadvertent identification of any privileged document or communication shall not be deemed to be a waiver of any applicable privilege with respect to such communication or document (and/or the contents or subject matter thereof) or with respect to any other documents or information.

1

C. All objections as to competency, relevancy, materiality and admissibility of the documents or the subject matter thereof are intended to be preserved.

D. Defendant objects to each discovery request to the extent it calls for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

E. If Defendant objects to a particular request as vague or ambiguous, it will respond to it as it reasonably understands it.

F. Except for the facts expressly admitted herein, no admission of any nature whatsoever is to be implied or inferred.

G. Defendant rejects any attempt to restrict the admissibility of evidence at trial based on answers given to these requests at this time. Defendant states that trial preparation and factual investigation are continuing, and therefore a number of these requests are premature. Defendant's responses to these discovery requests are based on information known to it at this time. Defendant reserves the right, however, to make reference at trial, or any hearing in this action, to facts and documents not identified in these responses, the existence and relevance of which is later discovered by Defendant or its counsel.

## Answers to Requests for Admission

1. Admit that on July 3, 2023 you or someone at your direction filled out a form requesting additional information regarding Medicare assistance products.

ANSWER:  Denied.

2. Admit that with respect to Call #1, you responded "Yes" to the following waiver: "Before we proceed, I need your electronic voice signature that is the same as giving us your written consent to receive marketing communications by us or our partners by automated dialing system that will override all federal or state telemarketing and do no call laws ... please say yes if you agree"

ANSWER:  Denied.

3.       Admit that upon receiving Call #2 (as identified in your Complaint), the caller asked to speak to Carlton Fisher.

ANSWER:   Admitted.

4.       With respect to Call #2 (as identified in your Complaint), admit that you did not tell the caller that your name was not Carlton Fisher.

ANSWER:   Admitted.

5.       With respect to Call #2 (as identified in your Complaint), admit that you did not tell the caller that you were not interested in learning about SelectQuote's Medicare assistance products.

ANSWER:   Plaintiff objects to this request as it contains a double negative. Without waiving said objection, Plaintiff responds that Plaintiff did not discuss SelectQuote's Medicare assistance products with Tuan Pham, but instead Plaintiff confronted Tuan Pham with the fact that Plaintiff's telephone number is listed on the National Do Not Call Register, inquired as to the identity of the that transferred an earlier call (Call #1) to Pham, and made demand that Plaintiff be provided a copy of Selectquote's written do not call policy (which Selectquote never provided). Based upon those facts, a person or persons of average intelligence should have been able to ascertain that the called party was not interested in the seller's products being hawked.

6.       With respect to Call #2 (as identified in your Complaint), admit that you did not tell Tuan Pham that you were not interested in learning about SelectQuote's Medicare assistance products.

ANSWER:   Plaintiff objects to this request as it contains a double negative. Without waiving said objection, Plaintiff responds that Plaintiff did not discuss SelectQuote's Medicare assistance products with Tuan Pham, but instead Plaintiff confronted Tuan Pham with the fact that Plaintiff's telephone number is listed on the National Do Not Call Register, inquired as to the identity of the that transferred an earlier call (Call # 1) to Pham, and made

3

demand that Plaintiff be provided a copy of Selectquote's written do not call policy (which Selectquote never provided). Based upon those facts, a person or persons of average intelligence should have been able to ascertain that the called party was not interested in the seller's products being hawked.

7. With respect to Call #2 (as identified in your Complaint), admit that Call #2 lasted in excess of 12 minutes.

ANSWER: Admitted. Call #2 lasted approximately 13 minutes in duration.

8. With respect to Call #2 (as identified in your Complaint), admit that you asked Tuan Pham questions regarding SelectQuote's Medicare assistance products.

ANSWER: Denied. Plaintiff further responds that Plaintiff did not discuss SelectQuote's Medicare assistance products with Tuan Pham, but instead Plaintiff confronted Tuan Pham with the fact that Plaintiff's telephone number is listed on the National Do Not Call Register, inquired as to the identity of the that transferred an earlier call (Call 1) to Pham, and made demand that Plaintiff be provided a copy of Selectquote's written do not call policy (which Selectquote never provided).

9. Admit that you have requested information from companies and provided your telephone number to them to elicit telemarketing calls.

ANSWER: Plaintiff objects to this request as it is vague in its use of the terms "requested", "provided" and "elicit." Plaintiff further objects because this request is not limited in its time period. Plaintiff further objects to the relevancy of this request as it is entirely unrelated to the claims raised in the instant matter. Without waiving said objection, and to the extent that the request is specific to requesting information from Selectquote Insurance Services, denied.

4

10. With respect to Call #1 (as identified in your Complaint), admit that Call #1 was not placed by SelectQuote.

ANSWER: Plaintiff can neither admit nor deny due to lack of knowledge of information. Plaintiff has made reasonable inquiry to counsel for Defendant and to Defendant for the identity of the person responsible for the initiation of Call #1, to which Defendant has responded that it has no idea what the term "initiate" means; thus, the information that Plaintiff has is insufficient to enable it to admit or deny.

11. Admit that Call #1 (as identified in your Complaint), was not initiated using an automated telephone dialing system.

ANSWER: Denied.

12. Admit that Call #2 (as identified in your Complaint), was not initiated using an automated telephone dialing system.

ANSWER: Denied.

13. Admit that SelectQuote did not make any willful violations of the Telephone Consumer Protection Act of 1991 in connection with any of the calls identified in your Complaint.

ANSWER: Denied.

14. Admit that SelectQuote did not make any knowing violations of the Telephone Consumer Protection Act of 1991 in connection with any of the calls identified in your Complaint.

ANSWER: Denied.

15. Admit that as it relates to the calls identified in your Complaint, none of the calls were spoofed by SelectQuote.

ANSWER:  Denied.

16. Admit that as it relates to the calls identified in your complaint, none of the calls were spoofed by a third-party on behalf of SelectQuote.

ANSWER:  Plaintiff can neither admit nor deny due to lack of knowledge of information.  Plaintiff has made reasonable inquiry to counsel for Defendant and to Defendant for the identity of the person responsible for the initiation of Call #1, to which Defendant has responded that it has no idea what the term "initiate" means; thus, the information that Plaintiff has is insufficient to enable it to admit or deny.

17. Admit that as it relates to the calls identified in your complaint, SelectQuote did not cause any feature to block the display of caller identification information to you.

ANSWER:  Denied.

18. Admit that as it relates to the calls identified in your complaint, no third party acting on behalf of SelectQuote caused any feature to block the display of caller identification information to you.

ANSWER:  Plaintiff can neither admit nor deny due to lack of knowledge of information.  Plaintiff has made reasonable inquiry to counsel for Defendant and to Defendant for the identity of the person responsible for the initiation of Call #1, to which Defendant has responded that it has no idea what the term "initiate" means; thus, the information that Plaintiff has is insufficient to enable it to admit or deny.

19 .    Admit that as it relates to the claims asserted in your Complaint that you have suffered no injury-in-fact.

ANSWER:  Denied.

20.    Admit that, aside from the alleged violations of the Telephone Consumer Protection Act of 1991 in your Complaint, you have suffered no other injury.

ANSWER:  Denied.

21.    Admit that, aside from the alleged violations of the Michigan Telephone Companies as Common Carriers Act in your Complaint, you have suffered no injury.

ANSWER:  Denied.

22.    Admit that as it relates to receiving the calls identified in your Complaint, you have suffered no injury.

ANSWER:  Denied.

23.    Admit that as it relates to receiving the calls identified in your Complaint, you have suffered no concrete injury.

ANSWER:  Denied.

24.    Admit that as it relates to receiving the calls identified in your Complaint, you have suffered no particularized injury.

ANSWER:  Denied.

25. Admit that you do not have standing to bring the claims asserted in your Complaint that are based on the Telephone Consumer Protection Act.

ANSWER:  Denied.

26. Admit that you do not have standing to bring the claims asserted in your Complaint that are based on the Michigan Telephone Companies as Common Carriers Act.

ANSWER:  Denied.

Respectfully submitted,

Dated: January 8, 2024

_____
Mark W. Dobronski
Plaintiff *In Propria Persona*
Post Office Box 222
Dexter, Michigan 48130-0222
Telephone: (734) 330-9671
Email: markdobronski@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that on **January 8, 2024**, I caused copies of the foregoing *Plaintiff's Objections and Answers to Defendant's First Set of Requests to Admit* to be served upon all parties and/or attorneys of record to the above-captioned cause herein by sending same in a sealed envelope, with first-class postage fully prepared thereupon, and deposited in the United States Mail, addressed as follows:

> Jonathan Sriro, Esq.
> Taft Stettinius & Hollister LLP
> 27777 Franklin Road, Suite 2500
> Southfield, Michigan 48034-8222

_____
Mark W. Dobronski

8