UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MARK W. DOBRONSKI**,

    Plaintiff,

v.

**SELECTQUOTE INSURANCE SERVICES** and
**TUAN ENGLAND PHAM**,

    Defendants.

Case No. **2:23-cv-12597-SJM-DRG**

The Honorable Steven J. Murphy III
United States District Judge

The Honorable David R. Grand
United States Magistrate Judge

_____

**PLAINTIFF'S SECOND NOTICE OF SUPPLEMENTAL AUTHORITY
IN OPPOSITION TO DEFENDANTS'
JOINT MOTION TO DISMISS PLAINTIFF'S COMPLAINT
PURSUANT TO FRCP 12(c) AND FRCP 56**

Plaintiff, MARK W. DOBRONSKI, appearing *in propria persona*, hereby submits this notice of supplemental authority to alert the court to recent new developments regarding authority bearing on the issues raised in Defendants' Joint Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(c) and FRCP 56 ("Motion") [ECF No. 33].

On December 10, 2024, the United States District Court for the Middle District of Florida entered Order in the matter of *Buxton v. Full Sail, LLC, et al.*, Case No. 6:24-cv-747-JSS-DCI, 2024 WL 5057222 (M.D. Fla., 2024), a copy of which is attached hereto at EXHIBIT A.

In *Buxton*, that court was called upon to consider the issue of vicarious liability. There, the Court held:

1

> "The amended complaint states that The Office Gurus initiated the calls on Full Sail's behalf... The FCC "has ruled that, under federal common[ ]law principles of agency, there is vicarious liability for TCPA violations." *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 168 (2016); accord *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1265 (11th Cir. 2019). The amended complaint sets out three theories of agency under which Full Sail may be held vicariously liable for the alleged misconduct of The Office Gurus: actual authority, apparent authority, and ratification... A TCPA defendant may face vicarious liability pursuant to these theories. See *Hossfeld v. Am. Fin. Sec. Life Ins. Co.*, 544 F. Supp. 3d 1323, 1332 (S.D. Fla. 2021) ("[The defendant] may be held vicariously liable under federal common law agency principles, including actual agency, apparent authority, and ratification, for a TCPA violation by a third-party telemarketer."). Accordingly, the claims against Full Sail are not dismissed for failure to allege that Full Sail initiated the calls."

*Buxton v. Full Sail, LLC, et al.*, 2024 WL 5057222, at *4 (M.D.Fla., 2024).

The *Buxton* decision provides new and additional support for this Court's consideration with respect to why Defendants' Joint Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(c) and FRCP 56 [ECF No. 33] should be **denied**.

Respectfully submitted,

Date: December 17, 2024

_____
Mark W. Dobronski
Post Office Box 222
Dexter, Michigan 48130-0222
(734) 641-2300
markdobronski@yahoo.com
Plaintiff *In Propria Persona*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on **December 17, 2024**, I electronically filed the foregoing *Plaintiff's Second Notice of Supplemental Authority in Opposition to Defendants' Joint Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(c) and FRCP 56* with the Clerk of the Court via the Court's Pro Se Document Upload utility, which will send notification of such filing to all counsel of record via the CM/ECF system.

_____
Mark W. Dobronski

# EXHIBIT A

2024 WL 5057222
Only the Westlaw citation is currently available.
United States District Court, M.D. Florida.

LAUREN BUXTON, Plaintiff,
v.
FULL SAIL, LLC, and THE
OFFICE GURUS, LLC, Defendants.

Case No: 6:24-cv-747-JSS-DCI
|
12/10/2024

### ORDER

**\*1** Defendants, Full Sail, LLC, and The Office Gurus, LLC, move to dismiss the amended complaint (Dkt. 32) filed by Plaintiff, Lauren Buxton. (*See* Dkts. 67, 68; *see also* Dkts. 77, 78, 84.) Plaintiff opposes the motion. (*See* Dkt. 74; *see also* Dkts. 81, 82.) Upon consideration, for the reasons outlined below, the court denies the motion.

### BACKGROUND [1]

Full Sail is "a private for-profit university," and The Office Gurus is a telemarketing services company. (Dkt. 32 ¶ 2.) According to Plaintiff, Full Sail "contracted with [The Office Gurus] to make aggressive telemarketing calls on its behalf soliciting its services," (*id.*), and Plaintiff received such calls to her cell phone, (*see id.* ¶¶ 49–50, 52, 54–55, 64). Plaintiff uses her cell phone number "for residential purposes" including "personal, family[,] and household use." (*Id.* ¶¶ 42–43.) She "relies on" the number "to communicate with her family and friends." (*Id.* ¶ 47.) The number "is not associated with a business." (*Id.* ¶ 42.) The number is Plaintiff's "only personal telephone number"; she does not have another cell phone number or a landline number. (*Id.* ¶¶ 44–46.)

Although Plaintiff's cell phone number "has been on the National Do-Not-Call Registry since June 20[,] 2017," (*id.* ¶ 48), in May 2023 she "began receiving telephone calls" to her cell phone "from [The Office Gurus] on behalf of Full Sail that solicited Full Sail's services," (*id.* ¶ 49). These calls came from various phone numbers "associated with online telemarketing complaints." (*Id.* ¶¶ 50, 52.) "When these numbers [we]re called back, representatives answer[ed] the phone stating[:] 'Thank you for calling Full Sail University.'" (*Id.* ¶ 51.) When Plaintiff answered the calls, representatives of The Office Gurus informed her that "they were calling from Full Sail," and they "attempt[ed] to solicit [her] to attend Full Sail." (*Id.* ¶ 53.) She told the representatives that she was "not interested," and she "repeatedly requested" not to receive further calls. (*Id.* ¶¶ 54, 58.) Despite these requests, Plaintiff received multiple calls from The Office Gurus on Full Sail's behalf every month from May 2023 through September 2023. (*Id.* ¶ 55.) Plaintiff claims that "at the time of the calls," Defendants simply "did not have written do-not-call policies" or had policies that violated the Telephone Consumer Protection Act of 1991 (TCPA), 47 U.S.C. § 227, or "were never properly implemented." (Dkt. 32 ¶¶ 59–60.)

Given the unwanted calls, Plaintiff initiated this action against Full Sail alleging TCPA violations. (Dkt. 1.) Specifically, she filed a class action complaint in October 2023 in the Southern District of Mississippi. (*Id.*) Full Sail moved to dismiss the complaint on personal jurisdiction and other grounds and, at the same time, moved to transfer venue to this court. (*See* Dkts. 7, 8, 9, 10.) The Southern District of Mississippi granted the motion to transfer venue. (Dkt. 21.) In the memorandum supporting its motion to dismiss, Full Sail stated that "any calls made on [its] behalf...were likely made by...The Office Gurus," and it criticized the complaint for "fail[ing] to allege any agency relationship" between itself and that company. (Dkt. 8 at 5.) In response, Plaintiff amended her complaint to add The Office Gurus as a Defendant and to allege an agency relationship between Defendants. (*See* Dkt. 32; *see also* Dkt. 33.) Like the initial complaint, (Dkt. 1 at 13–14), the amended complaint asserts two causes of action, one for each of two classes, (Dkt. 32 at 25–26). The first cause of action alleges that Plaintiff and the members of the Registry Class "each received two or more" "telephone solicitations" from Defendants "in a [twelve]-month period" even though their "numbers were all on the National Do-Not-Call Registry at the time of the calls." (*Id.* ¶¶ 74–76.) The second cause of action alleges that Defendants "made two or more telemarketing calls to" Plaintiff and the members of the Policy Class "in a [twelve]-month period" but did "not hav[e] a written policy pertaining to 'do not call' requests," did "not train[ ] [their] personnel on the existence or use of any internal 'do not call' list or policy," and did "not record[ ] or honor[ ] 'do not call' requests." (*Id.* ¶¶ 81–84.) Defendants now move to dismiss the amended complaint as a shotgun pleading and for failure to state a claim. (Dkts. 67, 68.)

Case 2:23-cv-12597-SJM-DRG ECF No. 47, PageID.1035 Filed 12/17/24 Page 6 of 8
LAUREN BUXTON, Plaintiff, v. FULL SAIL, LLC, and THE..., Slip Copy (2024)
2024 WL 5057222

## APPLICABLE STANDARDS

*2 Federal Rule of Civil Procedure 8(a)(2) requires a complaint to "contain...a short and plain statement of [a] claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Federal Rule of Civil Procedure 10(b) requires the plaintiff to "state its claims...in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). To "promote clarity," Rule 10(b) also requires the plaintiff to state "each claim founded on a separate transaction or occurrence...in a separate count." *Id.* "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.' " *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Shotgun pleadings "fail...to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."

*Id.* at 1323. A court may dismiss a complaint as a shotgun pleading only "where 'it is *virtually impossible* to know which allegations of fact are intended to support which claim(s) for relief.' " *Id.* at 1325 (quoting *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)).

In deciding a motion to dismiss for failure to state a claim, a court "accept[s] the allegations in the complaint as true and construe[s] them in the light most favorable to the plaintiff." *Henley v. Payne*, 945 F.3d 1320, 1326 (11th Cir. 2019). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[D]etailed factual allegations" are generally not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Id.* (quoting *Twombly*, 550 U.S. at 555). Generally, when analyzing a motion to dismiss for failure to state a claim, a court considers only the four corners of the complaint. *See Turner v. Williams*, 65 F.4th 564, 583 n.27 (11th Cir. 2023).

## ANALYSIS

Defendants argue that the amended complaint should be dismissed as a shotgun pleading because it "lumps together both Defendants, making it impossible to determine which allegations are directed to which Defendant." (Dkt. 67 at 15; *accord* Dkt. 68 at 2.) Defendants further maintain that the amended complaint should be dismissed for failure to state a claim. (Dkt. 67 at 4–15; Dkt. 68 at 1–2.) In that regard, both Defendants contend that the amended complaint inadequately alleges that the calls at issue were made to a residential telephone subscriber. (Dkt. 67 at 4–11; Dkt. 68 at 1–2.) Full Sail also contends that the amended complaint inadequately alleges that Full Sail initiated the calls. (Dkt. 67 at 12–13.) The court discusses these arguments in turn.[2]

**1. Shotgun Pleading**

According to Defendants, the amended complaint is a shotgun pleading because it does not "identify which allegations pertain to which [D]efendant." (Dkt. 68 at 2; *accord* Dkt. 67 at 15.) The court disagrees. The amended complaint alleges that The Office Gurus made the calls as Full Sail's agent and accordingly seeks to hold the former directly liable and the latter vicariously liable. (*See* Dkt. 32 ¶ 77 ("Defendant [The Office Gurus], on behalf of Defendant Full Sail, directly initiated the unlawful calls to [Plaintiff] and the class members and is thus directly liable for violating the TCPA."); *id.* ¶ 80 ("Defendant Full Sail is liable for each of the calls under one or more of the following theories of liability: (1) [a]ctual [a]uthority, (2) [a]pparent [a]uthority, [and] (3) [r]atification."); *see also* Dkt. 74 at 18–19.) The amended complaint provides Defendants with "adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. Because it is certainly not "*virtually impossible* to know which allegations of fact are intended to support which claim(s) for relief," *id.* at 1325, the court does not dismiss the amended complaint as a shotgun pleading. *See Al-Saadi v. Annchery Fajas USA, Inc.*, No. 20-cv-23937, 2021 U.S. Dist. LEXIS 258930, at *11 (S.D. Fla. Sept. 28, 2021) (rejecting the argument that a complaint "impermissibly lump[ed] [the d]efendants together" when it "refer[red] to [them] collectively" and reasoning that the complaint alleged that the defendants "interacted collectively and/or indistinguishably with [the p]laintiffs"); *Nye v. Alloy Wheel Repair Specialists, LLC*, No. 1:18-cv-5622-SCJ-JKL, 2019 U.S. Dist. LEXIS 249989, at

Case 2:23-cv-12597-SJM-DRG ECF No. 47, PageID.1036 Filed 12/17/24 Page 7 of 8
LAUREN BUXTON, Plaintiff, v. FULL SAIL, LLC, and THE..., Slip Copy (2024)
2024 WL 5057222

*28 (N.D. Ga. Apr. 15, 2019) (explaining that the " 'lumping together' of defendants in alleged agency relationships does not transform a complaint into a shotgun pleading" (alteration adopted)), *report and recommendation adopted by* 2020 U.S. Dist. LEXIS 269324, at *11 (N.D. Ga. Feb. 21, 2020).

**2. Residential Telephone Subscriber**

**\*3** Defendants primarily maintain that Plaintiff's claims fail because "the calls at issue were made to her cell phone, not a residential telephone." (Dkt. 67 at 4; *accord* Dkt. 68 at 1–2.) Defendants acknowledge that the Federal Communications Commission (FCC) has included cell phone users in the definition of residential telephone subscribers protected by the TCPA, but they assert that the FCC "exceeded its authority" when it did so. (Dkt. 67 at 11; *accord* Dkt. 68 at 1–2.)

The TCPA authorizes the FCC to "protect *residential telephone subscribers*' privacy rights" through implementing regulations and to maintain the National Do-Not-Call Registry as "a list of telephone numbers of *residential subscribers* who object to receiving telephone solicitations." 47 U.S.C. § 227(c)(1)–(3) (emphasis added). Likewise, FCC regulations provide that "[n]o person or entity shall initiate any telephone solicitation to...[a] *residential telephone subscriber* who has registered...her telephone number on the [N]ational [D]o-[N]ot-[C]all [R]egistry" and that "[n]o person or entity shall initiate any...any call for telemarketing purposes to a *residential telephone subscriber* unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive such calls." 47 C.F.R. § 64.1200(c)–(d) (emphasis added). The TCPA does not define "residential subscribers," *see* 47 U.S.C. § 227, but the FCC has issued a final order interpreting the term to include cell phone users, *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991* ("2003 FCC Order"), 18 FCC Rcd. 14014, 14038–39 ¶¶ 35–36 (2003). Under the 2003 FCC Order, cell phone users who ask to be added to the National Do-Not-Call Registry are presumptively residential subscribers under the TCPA. *Id. at 14039 ¶ 36.*

The Hobbs Act, or Administrative Orders Review Act, provides that the federal appellate courts have "exclusive jurisdiction to...determine the validity of...all final orders of the [FCC] made reviewable by" 47 U.S.C. § 402(a). 28 U.S.C. § 2342(1). The Eleventh Circuit has explained in TCPA cases that "[d]istrict courts may not determine the validity of FCC orders, including by refusing to enforce an FCC interpretation, because '[d]eeming agency action invalid or ineffective is precisely the sort of review the Hobbs Act delegates to the courts of appeals in cases challenging final FCC orders.' " *Murphy v. DCI Biologicals Orlando, LLC*, 797 F.3d 1302, 1307 (11th Cir. 2015) (quoting *Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F.3d 1110, 1119–20 (11th Cir. 2014)). Accordingly, this court lacks jurisdiction to entertain Defendants' argument that the FCC exceeded its authority when it defined residential subscribers to include cell phone users. *See id.* ("determin[ing] that the district court correctly refused to entertain arguments regarding the validity of [an]...FCC [o]rder"); *Radvansky v. Kendo Holdings, Inc.*, No. 3:23-cv-214-TCB, 2024 U.S. Dist. LEXIS 145932, at *12 (N.D. Ga. Aug. 13, 2024) ("Because the 2003 FCC order applies to section 227(c), the [c]ourt must defer to the FCC's interpretation of 'residential subscribers.' Many other courts are in accord." (collecting cases)).

In any event, Plaintiff's allegations that she uses her cell phone number for residential, not business, purposes and does not have another personal number, (Dkt. 32 ¶¶ 42–47), support the FCC's interpretation in this case. In addition to setting forth these allegations, the amended complaint pleads that Plaintiff is "the sole...user" of her cell phone number and that the number has been on the National Do-Not-Call Registry since June 2017. (*Id.* ¶¶ 40, 48.) When the amended complaint's well-pleaded factual allegations are viewed in the light most favorable to Plaintiff, *see Henley*, 945 F.3d at 1326, the residential-subscriber requirement is satisfied, *see* 2003 FCC Order, 18 FCC Rcd. at 14039 ¶ 36. Thus, the court does not dismiss the amended complaint for failure to meet the requirement. *See Becker v. Pro Custom Solar LLC*, No. 2:19-cv-535-FtM-29NPM, 2020 U.S. Dist. LEXIS 14310, at *20–21 (M.D. Fla. Jan. 29, 2020) (denying a motion to dismiss for failure to state a claim when the plaintiff alleged "that his cell phone number [wa]s not associated with a business and [wa]s for personal use" because "[t]his allegation, coupled with the TCPA's presumption that wireless subscribers who ask to be put on the national do-not-call list are residential subscribers, [wa]s sufficient to allege that [the p]laintiff [wa]s a residential telephone subscriber under the TCPA" (cleaned up)).

**3. Initiating the Calls**

**\*4** Full Sail contends that the amended complaint insufficiently alleges that Full Sail initiated the calls and in fact alleges that The Office Gurus initiated them instead. (Dkt. 67 at 12–13.) *See* 47 C.F.R. § 64.1200(c)(2) ("No person or entity shall *initiate any telephone solicitation* to...[a] residential telephone subscriber who has registered...her telephone number on the [N]ational [D]o-[N]ot-[C]all [R]egistry...." (emphasis added)); *id.* § 64.1200(d) ("No person or entity shall *initiate...any call* for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive such calls...." (emphasis added)). The court disagrees. The amended complaint states that The Office Gurus initiated the calls on Full Sail's behalf. (Dkt. 32 ¶ 77.) The FCC "has ruled that, under federal common[ ]law principles of agency, there is vicarious liability for TCPA violations." *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 168 (2016); *accord Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1265 (11th Cir. 2019). The amended complaint sets out three theories of agency under which Full Sail may be held vicariously liable for the alleged misconduct of The Office Gurus: actual authority, apparent authority, and ratification. (Dkt. 32 at 7, 16– 21.) A TCPA defendant may face vicarious liability pursuant to these theories. *See Hossfeld v. Am. Fin. Sec. Life Ins. Co.*, 544 F. Supp. 3d 1323, 1332 (S.D. Fla. 2021) ("[The defendant] may be held vicariously liable under federal common law agency principles, including actual agency, apparent authority, and ratification, for a TCPA violation by a third-party telemarketer."). Accordingly, the claims against Full Sail are not dismissed for failure to allege that Full Sail initiated the calls.

## CONCLUSION

Accordingly:

1. Defendants' motion to dismiss (Dkt. 67) is **DENIED**.

2. Defendants shall answer the amended complaint (Dkt. 32) in compliance with Federal Rule of Civil Procedure 12(a)(4)(A). **ORDERED** in Orlando, Florida, on December 10, 2024.

Copies furnished to:

Counsel of Record

**All Citations**

Slip Copy, 2024 WL 5057222

---

**Footnotes**

1      The court accepts the well-pleaded factual allegations in the amended complaint as true and construes them in the light most favorable to Plaintiff. *See Harry v. Marchant*, 291 F.3d 767, 769 (11th Cir. 2002) (en banc).

2      Additionally, Defendants maintain that to the extent the amended complaint brings a claim under 47 U.S.C. § 227(b), its allegations about Defendants' automatic telephone dialing system are insufficient. (Dkt. 67 at 14–15; Dkt. 68 at 2.) Plaintiff responds that the amended complaint does not assert a claim under section 227(b). (Dkt. 74 at 18.) Because the causes of action set out in the amended complaint do not rely on section 227(b), (*see* Dkt. 32 at 25–26), the court denies Defendants' motion in this respect.

---

**End of Document**      © 2024 Thomson Reuters. No claim to original U.S. Government Works.